UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT O. GILBERT                                                     PLAINTIFF

v.                                              CIVIL ACTION NO. 3:13-CV-1087-H

KENTUCKY CHILD PROTECTIVE SERVICES et al.           DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Robert O. Gilbert, *pro se*, filed an *in forma pauperis* civil-rights complaint under 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff names as Defendants Kentucky Child Protective Services (CPS) and Shaniqua Potter, a CPS caseworker (DN 8). Plaintiff states that, in 2003, CPS determined that Plaintiff had physically abused "J.T." and persuaded a Jefferson County Family Court to enter an order based on that finding. However, Plaintiff states that he had no knowledge of this finding until 2013. He alleges that the failure to notify him with an official written notice of a substantiated finding of child abuse violated Kentucky law. Specifically, he states that 922 KAR 1:480 section 3(1) requires the Cabinet for Health and Family Services to provide to a perpetrator a notice of substantiated finding of child abuse or neglect and a copy of the request for appeal of investigative finding form. He states that Defendant Potter has Plaintiff "wrongfully labeled as ('Risk of Harm') for which he was deprived due process for pursuant to the Fourteenth . . . Amendment." He states that Defendant Potter has refused to lift the risk-of-harm label.

As relief he requests injunctive relief in the form of enjoining Defendants from further violating his rights and a declaratory judgment that Defendants' actions violated his rights.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. *Federal claims*

The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State." U.S. Const. amend. XI. Accordingly, by the clear language of the Amendment, a lawsuit against a state cannot proceed in federal court. The Supreme Court has also ruled that the Eleventh Amendment bars suits not only against the state but also against a state's departments, regardless of the type of relief sought, whether injunctive, declaratory, or monetary. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that neither a state nor its agencies are "persons" susceptible to being sued under 42 U.S.C. § 1983); *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 615 (6th Cir. 2003) (holding that Michigan Board of Bar Examiners and Michigan Bar are state agencies because they are arms of the Michigan Supreme Court; therefore, they are entitled to Eleventh Amendment immunity from suit in federal court). The Kentucky Cabinet for Health and Family Services, which is responsible for child protective services, *see* 922 KAR 1:330, is protected from suit in federal court based on sovereign immunity provided by the Eleventh Amendment to the United States Constitution. *Akers v. Alvey*, 338 F.3d 491, 497 (6th Cir. 2003); *see also Wesley v. Campbell*, Civil Action No. 10-51-DLB, 2010 WL 3120204, at *4 n.3 (E.D. Ky. Aug. 5, 2010).

Plaintiff fails to specify in which capacity he sues Defendant Potter. It is a plaintiff's affirmative duty to plead capacity. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). When a plaintiff fails to affirmatively plead capacity in the complaint, the Court must look to the "course of proceedings" to ascertain whether the defendant has been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). In the

present case, the complaint is devoid of any indication that Defendant Potter is sued in her individual capacity. Accordingly, the Court construes the complaint as brought against Defendant Potter in her official capacity only.

The Eleventh Amendment bar also applies to Plaintiff's official capacity-claims against Defendant Potter. When an officer or employee of a governmental agency is sued in her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled. *Will*, 491 U.S. at 67. Thus, like CPS, Defendant Potter is immune under the Eleventh Amendment to the United States Constitution. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Consequently, Plaintiff's suit against CPS and Defendant Potter, in her official capacity, presents a jurisdictional bar to suit in federal court. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

    B. *State claims*

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, by separate Order, this case will be dismissed.

Date:


cc:    Plaintiff, *pro se*
       Defendants
4412.009